IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



WR-64,302-02




EX PARTE OBIE D. WEATHERS, III




ON APPLICATION FOR WRIT OF HABEAS CORPUS 
CAUSE NO. 2000-CR-2916 IN THE 399TH JUDICIAL DISTRICT COURT
BEXAR COUNTY




           Per curiam. Price, j., filed a concurring statement in which johnson, j.,
joined. Alcala, J., filed a concurring statement in which Cochran, J., joined. 
Hervey, j., not participating. 

O R D E R

           This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.
           In May 2001, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant’s conviction and sentence on direct appeal. Weathers v. State, No. AP-74,144
(Tex. Crim. App. Oct. 22, 2003)(not designated for publication). This Court denied relief
on Applicant’s initial post-conviction application for writ of habeas corpus. Ex parte
Weathers, No. WR-64,302-01 (Tex. Crim. App. Sept. 13, 2006)(not designated for
publication). 
           Applicant claims that his execution would violate the Eighth Amendment’s
prohibition against the execution of the mentally retarded. See Atkins v. Virginia, 536 U.S.
304 (2002). This claim, which satisfied the requirements of Article 11.071, § 5, was
remanded to the trial court for consideration of that issue. The trial court held a hearing and
made findings of fact and conclusions of law recommending that this application be denied
because Applicant has failed to show that he is mentally retarded. 
           This Court has reviewed the record with respect to Applicant’s allegation. We adopt
the trial judge’s findings and conclusions, except for the sentence on page 27 which reads,
“But even her own testing showed Applicant to be within the error range of not being
mentally retarded.”


 Based upon the trial court’s findings and conclusions and our own
review, we deny relief. 
           IT IS SO ORDERED THIS THE 30TH DAY OF APRIL, 2014.
Do Not Publish